**SHANG JING CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

**No. 08–4716–ag.**

United States Court of Appeals, Second Circuit.

Aug. 20, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H.

638

Shang Jing Chen, pro se.

Tony West, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Thankful T. Vanderstar, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Shang Jing Chen, a native and citizen of the People's Republic of China, seeks review of an August 29, 2008 order of the BIA affirming the December 7, 2006 decision of Immigration Judge ("IJ") Helen Sichel denying his applications for asylum and withholding of removal. *In re Shang Jing Chen,* No. A097 331 533 (B.I.A. Aug. 29, 2008), *aff'g* No. A097 331 533 (Immig. Ct. N.Y. City Dec. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence

Holder Jr. Is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir.2008). For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we "defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

■ Substantial evidence supports the IJ's determination that Chen was not credible. Chen admitted that he provided false statements to immigration officers at his airport and credible fear interviews, and in a statement he wrote supporting a parole request. Indeed, as the IJ found, Chen provided two "completely different" bases for his asylum claim. He initially told immigration officers that he had fled from debts he owed and because he feared the repercussions of threatening to sue a government official who was a shareholder in a company in which Chen also held an ownership interest. Yet in his asylum application and in his testimony before the IJ, Chen claimed that he had suffered past persecution and feared future persecution on account of his Christian faith. The IJ was entitled to conclude that these obvious inconsistencies undermined his credibility. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–81 (2d Cir.2004) ("Where the alien's airport statements and his or her later testimony present materially different accounts of his or her purported perse-

cution, however, the inconsistencies may render the alien's testimony incredible.").

While Chen argues that, at the time that he made the false statements, he was "mentally under [the] control" of a "snakehead" and an attorney hired by the snakehead, this was not an explanation that the IJ was required to credit. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005); *see also Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir. 2005). Moreover, even if Chen told the truth in claiming that he was compelled to make his initial, false claim, it does not follow that his later claim was credible. To the contrary, this Court has held that even "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007).

The IJ also relied upon additional discrepancies in finding Chen not credible, including that: (1) Chen's asylum application did not mention that his planned baptism was interrupted by the police; (2) although the letters from his father and Daming Chen suggested that the police detained seven people based on their religious activities, Chen testified that only two people were detained; and (3) while Chen testified that he had accompanied his father to Anhui Province, the letter from his father suggested that he had not, and Chen's asylum application did not list Anhui Province as a place he had lived. Chen failed to provide a compelling explanation for these discrepancies. *See Majidi*, 430 F.3d at 80–81. Thus, in view of the numerous discrepancies in the record, substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

To the extent that Chen based his asylum and withholding of removal claims upon his assertion that he endured past persecution, the adverse credibility determination in this case necessarily precludes success on those claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). However, the agency appears to have credited Chen's claim that he has attended a Christian church in this country, and thus evaluated whether Chen had shown a well-founded fear of future persecution on that basis. We find no error in the agency's conclusion that Chen failed to make such a showing. As the IJ found, Chen failed to testify, or provide other evidence, that he would practice Christianity in China or that, even if he did, the Chinese government is likely to become aware of that practice or his religious practices in this country. While Chen asserts that "[n]othing in the record suggests that [he] would not practice Christian[ity] if [he is] returned to China," the burden was on Chen to demonstrate the objective reasonableness of his fear of persecution. *See* 8 C.F.R. § 1208.13(a). As the IJ found, Chen did not meet that burden. *See Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 129 (2d Cir.2005) ("In the absence of solid support in the record," a claim that an alien has a well-founded fear of future persecution "is speculative at best."); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 137 (2d Cir.2008) ("[I]n order to establish eligibility for relief based exclusively on activities undertaken after his arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities.").

Finally, Chen has waived any challenge to the BIA's denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In any event, we note that the BIA apparently erred in pronouncing on Chen's eligibility for CAT relief where, before the IJ, Chen had affirmatively declined to seek that form of relief. *See generally* 8 C.F.R. § 1003.1.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).